Duffy *v.* Mellick.

---

## Mary Duffy et al.

### *v.*

## Theodore Mellick.

A bill to set aside an administrator's deed, alleging that the heirs-at-law of the intestate were infants, and that the administrator fraudulently induced the widow to renounce her right to administer, and proceeded fraudulently and illegally in the sale of the intestate's lands to pay his debts, and conveyed such lands to B. and C., when the order confirming such sale directed him to convey to B., but alleging no fraud or complicity on the part of B. or C., was

dismissed, on the ground that it did not appear but that the complainants might go into possession of the property, and if in possession they could defend themselves against the deed at law.

---

Bill for relief.   On motion to dismiss bill for want of equity.

*Mr. I. W. Schultz*, for the motion.

*Mr. J. G. Shipman, contra.*

THE CHANCELLOR.

The bill is filed by the children of Peter Duffy, who died in 1869, to set aside a deed of conveyance for land of which he died seized, on the ground of fraud and illegality in the proceedings, under and by virtue of which the property was sold, and illegality in the deed of conveyance itself.   Those proceedings were taken in the orphans court of Warren county by Charles Reese, who was appointed administrator of Duffy.   The bill alleges that Reese induced the widow of Duffy to renounce her right to the administration, and to consent to his appointment as administrator, by false representations as to the indebtedness of the estate ; that, as administrator, he filed a petition in the orphans court to obtain a decree to sell the land of the intestate to pay his debts ; that he obtained such decree in 1875, and, under it, sold the land to Francis McDermott ; that the sale was confirmed, and he was ordered by the court to make a deed to such purchaser ; that instead of giving the deed to McDermott alone, he (in 1876) gave it to him and Theodore Mellick, and that afterwards McDermott's interest in the property was sold under execution, and conveyed to Mellick, and that the latter is proceeding in the orphans court of Warren county to set off dower to the widow of the intestate.   The bill states that the proceedings for sale in the orphans court were unlawful, and that Reese not only acted fraudulently in obtaining the decree for sale, but was guilty of fraud in advertising the property, and adjourning the sale.   It does not, however, allege that either McDermott or Mellick was guilty of any fraud.   It alleges that the deed to them was void,

because, by the order confirming the sale, the administrator was not directed to convey to McDermott and Mellick, but to the former alone. It also states that the complainants were all minors when the proceedings were taken, and that the widow of the intestate is in possession of the land. It prays that the order of sale, the sale thereunder, the report of sale, the order of confirmation and the administrator's deed, may be declared to be null and void, and that the title to the land may be declared to be in the complainants, as heirs-at-law of the intestate, subject to the dower of the widow; and there is the general prayer for relief.

The bill is not filed under the act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*), but the suit is brought to annul the administrator's deed, and to obtain a decree that it passed no title. As before stated, no fraud is imputed to the purchaser at the administrator's sale. The complainants are not in possession of the land. For aught that appears, however, they may enter into possession, and, having done so, may defend their possession at law. Mellick's title, under the administrator's deed, is such that any valid objection to it must appear, upon an attempt to establish it. It is urged that the bill was intended as a bill for partition of the property between the complainants. But it does not pray for a partition, and, if it be regarded as such a bill, it cannot be sustained; for it shows upon its face that Mellick claims to have the legal and equitable title to the land. Under such circumstances, this court would not proceed to a partition until the legal title should have been established. It might retain the bill, to give the complainant an opportunity to establish his title at law. The motion to dismiss will be granted, with costs.